**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NATIONAL STAFFING SOLUTIONS, INC,　　　CASE NO.: _____
a Florida Corporation,

    Plaintiff,

vs.

YOUNG HOLDINGS AND
INVESTMENTS, LLC d/b/a National
Staffing Solutions, a South Carolina Limited
Liability Company,

    Defendant.
_____/

**COMPLAINT, DEMAND FOR JURY TRIAL,
AND INJUNCTIVE RELIEF SOUGHT**

Plaintiff, NATIONAL STAFFING SOLUTIONS, INC., a Florida Corporation ("Plaintiff"), sues Defendant, YOUNG HOLDINGS AND INVESTMENTS, LLC d/b/a National Staffing Solutions, a South Carolina Limited Liability Company ("Defendant"), and alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1.    This is an action for trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and trademark infringement and unfair competition under Florida common law. This action seeks injunctive relief, damages and other appropriate relief arising from Defendant's willful acts of trademark infringement and unfair competition.

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they are so closely related to the federal claims that they form part of the same case or controversy.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 since Defendant conducts business in this judicial district, including maintaining and operating a website that is accessible to residents of the State of Florida through which it actively advertises and promotes its services to Florida residents, and a substantial part of the events giving rise to the Plaintiff's claims occurred and are continuing to occur in this district.

4. Plaintiff is a Florida corporation, duly organized and existing under the laws of the State of Florida, having an office and place of business at 603 6th St NW, Winter Haven, FL 33881.

5. Upon information and belief, Defendant is a South Carolina limited liability company organized and existing under the laws of the State of South Carolina, having an office and place of business at 202 Stallings Road, Taylors, South Carolina 29687.

**FACTS**

6. Plaintiff has continuously used the character mark "NATIONAL STAFFING SOLUTIONS" in commerce in connection with employment agency services, namely, temporary, and permanent placement of healthcare professionals, across the United States since 2006.

7. Plaintiff has continuously used the design mark:

# N*ATIONAL STAFFING SOLUTIONS

in commerce in connection with employment agency services, namely, temporary, and permanent placement of healthcare professionals, across the United States since 2018.

8. Plaintiff has applied for federal registration of both its character and design marks and owns NATIONAL STAFFING SOLUTIONS, U.S. Application No. 88104778, and NATIONAL STAFFING SOLUTIONS design, U.S. Application No. 88636348. Both marks have been approved and published by the United States Patent and Trademark Office. *See* Exhibit A, Composite of Trademark Official Gazette Publication Confirmations. The opposition period for both applications has closed and the marks are expected to register in due course.

9. Plaintiff's marks have been used to identify and distinguish Plaintiff's services in relevant trade channels throughout the United States. Plaintiff has made itself known to the public through a variety of means including through its website, https://www.nationalstaff.com/, online advertising, social media, and attending industry conferences and career expos.

10. Plaintiff has invested substantial time, effort and financial resources promoting its NATIONAL STAFFING SOLUTIONS marks in connection with the marketing and sale of its services in interstate commerce. As a result of these and other efforts, the NATIONAL STAFFING SOLUTIONS marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value

as a symbol of Plaintiff, its quality services, and its goodwill. The consuming public recognizes the NATIONAL STAFFING SOLUTIONS marks and associates it with Plaintiff.

11. Plaintiff's mark has acquired distinctiveness under Section 2(f) of the Lanham Act as established by the USPTO's acceptance and publication of U.S. Application No. 88104778, including Plaintiff's Supplemental Declaration and Evidence in Support of Assertion of Distinctiveness under §2(f) of the Trademark Act.

12. Notwithstanding Plaintiff's rights in the trademark NATIONAL STAFFING SOLUTIONS and logo, Defendant adopted and used the identical trademark in interstate commerce in connection with the sale and offering for sale of the same services as Plaintiff, *i.e.* employment agency and staffing services. Defendant's logo also incorporates in full Plaintiff's NATIONAL STAFFING SOLUTIONS mark.[1] Defendant also owns and operates the https://www.nationalstaffingsolutionsc.com/ domain name which directly infringes upon Plaintiff's trademark and has further advertised its services under the infringing trademark on the website and social media.

13. Plaintiff's use of the NATIONAL STAFFING SOLUTIONS mark predates Defendant's and Plaintiff thus has priority over Defendant.

---

[1] 

14. Without Plaintiff's consent, Defendant has used and continues to use the infringing NATIONAL STAFFING SOLUTIONS mark and logo in connection with the sale, offering for sale, distribution, or advertising of its services on a nationwide scale and in direct conflict with Plaintiff's services and use of the mark.

15. Defendant has engaged in its infringing activity despite having actual knowledge of Plaintiff's use of the NATIONAL STAFFING SOLUTIONS mark and logo. To date Defendant has failed to respond to Plaintiff's demand for it to cease and desist from further infringing activity. *See* Exhibit B. Plaintiff notes that following its demand, Defendant changed its name on its website to "NATIONAL STAFFING SOLUTION" which is the legal and functional equivalent to Plaintiff's mark and still confusingly similar. Defendant also continues to use the same logo which incorporates Plaintiff's mark in full.

16. Defendant offers confusingly similar services, through similar marketing channels, across the United States as Plaintiff, all under the identical NATIONAL STAFFING SOLUTIONS mark as Plaintiff. Defendant's actions are likely to mislead the public into concluding that its services originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public. Plaintiff has no control over the quality of services offered by Defendant and because of the source confusion caused by Defendant, Plaintiff has lost control over its valuable goodwill.

17. Upon information and belief, Defendant has advertised and offered its services for sale using the NATIONAL STAFFING SOLUTIONS mark with the intention of misleading, deceiving, or confusing consumers as to the origin of its services and of trading on Plaintiff's reputation and goodwill. Defendant's use of Plaintiff's NATIONAL

STAFFING SOLUTIONS mark constitutes willful, deliberate, and intentional trademark infringement.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

18. Plaintiff realleges and incorporates by reference the allegations of paragraphs 6-17 as though fully set forth herein.

19. Plaintiff owns a valid trademark entitled to protection under the Lanham Act.

20. Defendant's unauthorized use of the NATIONAL STAFFING SOLUTIONS mark and logo in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1125(a) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

21. Defendant has acted with actual or constructive knowledge of Plaintiff's mark, and upon information and belief, with deliberate intention to confuse consumers, or willful blindness to Plaintiff's rights.

22. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

23. Defendant's trademark infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT II: FEDERAL UNFAIR COMPETITION
## AND FALSE DESIGNATION OF ORIGIN

24. Plaintiff realleges and incorporates by reference the allegations of paragraphs 6-17 as though fully set forth herein.

25. Plaintiff owns a valid trademark entitled to protection under the Lanham Act.

26. Defendant's unauthorized marketing and sale of its services in interstate commerce using the NATIONAL STAFFING SOLUTIONS mark and logo constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendant's services as originating from or connected with Plaintiff in violation of 15 U.S.C. § 1125(a). The actions of Defendant as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

27. Defendant's use of a mark which is identical to Plaintiff's mark in connection with identical or highly similar services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff.

28. As a direct and proximate result of Defendant's false designation of origin and unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

29. Defendant's false designation of origin and unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from

further violation of Plaintiff's rights. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

### COUNT III: FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

30. Plaintiff realleges and incorporates by reference the allegations of paragraphs 6-17 as though fully set forth herein.

31. Plaintiff owns a valid trademark entitled to protection under Florida common law.

32. Defendant's unauthorized use of the NATIONAL STAFFING SOLUTIONS mark and logo in interstate commerce as described above constitutes trademark infringement and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

33. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

34. Defendant's trademark infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

### COUNT IV: FLORIDA COMMON LAW UNFAIR COMPETITION

35. Plaintiff realleges and incorporates by reference the allegations of paragraphs 6-17 as though fully set forth herein.

36. Defendant has infringed Plaintiff's mark in violation of its trademark rights.

37. Defendant has demonstrated a deliberate intent to trade off the goodwill of Plaintiff's mark as a means of increasing Defendant's own sales at the expense of Plaintiff. Defendant's deliberate use of Plaintiff's mark in connection with identical or highly similar services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff.

38. Defendant's deliberate conduct is likely to result in consumers purchasing Defendant's services in mistaken belief that it originates from Plaintiff.

39. As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

40. Defendant's unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

**COUNT V: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ("FDUTPA," Fla. Stat. § 501.204)**

41. Plaintiff realleges and incorporates by reference the allegations of paragraphs 6-17 as though fully set forth herein.

42. Defendant's unauthorized use of the NATIONAL STAFFING SOLUTIONS mark and logo in interstate commerce as described above constitutes trademark infringement and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

43. Trademark infringement is an unfair and deceptive trade practice for purposes of FDUTPA.

44. Defendant has engaged in a deceptive act or unfair practice that is likely to mislead consumers and that caused Plaintiffs actual damages or aggrievement, including damages to Plaintiff's goodwill and reputation.

45. As a direct and proximate result of Defendant's unfair and deceptive trade practice, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

46. Defendant's unfair and deceptive trade practice will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## **REQUEST FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter judgment in its favor on each and every claim set forth above and enter an Order granting it the following relief:

A. Entering a judgment that Plaintiff's NATIONAL STAFFING SOLUTIONS trademark has been and continues to be infringed by Defendant in violation of 15 U.S.C. § 1125(a);

B. Entering a judgment that Defendant's use of the NATIONAL STAFFING SOLUTIONS trademark constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

C. Entering a judgment that Defendant's use of the NATIONAL STAFFING SOLUTIONS trademark constitutes common law trademark infringement and common law unfair competition under Florida law;

D. Permanently enjoining and restraining the Defendant and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the NATIONAL STAFFING SOLUTIONS trademark, with or without its accompanying logo or any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute or identify Defendant's services where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's mark and services.

E. Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

F. Pursuant to 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all

    devices, literature, advertising, labels, and other material in their possession bearing the infringing designation;

G. Ordering Defendant to transfer the https://www.nationalstaffingsolutionsc.com/ domain name to Plaintiff;

H. Awarding Plaintiff all damages it sustained as the result of Defendant's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

I. Awarding Plaintiff all profits received by Defendant from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting, pursuant to 15 U.S.C. § 1117;

J. Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and

K. Granting Plaintiff such other and further relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted this 1st day of May 2020.

                                                By: /s/ Linnea M. Eberhart\_\_\_\_
                                                **Adam C. Losey, Esq.**
                                                Florida Bar No. 69658
                                                **Linnea M. Eberhart, Esq.**
                                                Florida Bar No. 119510
                                                **LOSEY PLLC**
                                                1420 Edgewater Dr.
                                                Orlando, FL 32804
                                                (407) 491-4842
                                                alosey@losey.law; leberhart@losey.law;
                                                docketing@losey.law
                                                *Attorneys for Plaintiff*