UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONAL STAFFING SOLUTIONS, INC.,

    Plaintiff,

v.                                                      CASE NO. 8:20-cv-1011-T-02JSS

YOUNG HOLDINGS AND
INVESTMENTS, LLC d/b/a National
Staffing Solutions,

    Defendant.
_____/

## ORDER GRANTING DEFAULT FINAL JUDGMENT

Before the Court is Plaintiff's motion for default judgment (Dkt. 15) against Defendant and the declarations in support of attorney's fees and costs with attachments (Dkts. 15-3, 15-4). After careful consideration of the motion, the complaint (Dkt. 1), the declarations and exhibits, and the entire court file, the Court concludes a default judgment for injunctive relief and costs is due to be entered.

## Background

Plaintiff National Staffing Solutions, LLC ("National Staffing Solutions") has trademark rights in both its character and design marks in connection with employment agency services. Dkt. 1, ¶¶ 6–11. The character mark was registered by the U.S. Patent Office on April 28, 2020 (Dkt. 15-1), and the design mark's registry is expected in due course (Dkt. 1, ¶¶ 6–11). Not only did Defendant use

the identical name National Staffing Solutions in connection with the sale and offering of the same services, but it also adopted and used a confusingly similar design mark. Dkt. 1, ¶ 12. As a result, Defendant's adoption and use of Plaintiff's trademarks has caused and will likely continue to cause consumer confusion. Dkt. 1, ¶ 20.

The complaint alleges claims for federal trademark infringement (count one), federal unfair competition and false designation of origin pursuant to 15 U.S.C. § 1125(a) (count two), Florida common law trademark infringement (count three), Florida unfair competition (count four), and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Generally, the proof required for both federal and Florida trademark infringement and unfair competition are the same.[1] Plaintiff filed suit after it demanded Defendant cease and desist using its name and trademark, but Defendant essentially ignored the request, making a one letter change to the name. Dkt. 1, ¶ 15; Dkt. 1-2 (letter dated 4/3/2020).

---

[1] *See Maurer Rides USA, Inc. v. Beijing Shibaolia Amusement Equip. Co.*, No. 6:10-cv-1718-Orl-37KRS, 2012 WL 2469981 at * (M.D. Fla. May 30, 2012), *adopted in part by*, 2012 WL 2463834 (M.D. Fla. June 12, 2012) (granting default judgment and finding same allegations adequate to establish liability under Lanham Act as well as under Florida unfair competition, common law trademark infringement, and the Florida Deceptive and Unfair Trade Practices Act).

Defendant was served with the summons and complaint.  Dkts. 8, 9.  Because Defendant failed to plead or otherwise defend, a clerk's default was entered against it.  Dkt. 14.

## Injunctive Relief and Costs

The Court finds the complaint and the underlying substantive merits more than sufficient to establish federal trademark infringement and unfair competition. *See Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) (holding default judgment must be based on complaint that states a claim and "is supported by well-pleaded allegations, assumed to be true") (citation omitted).  Defendant is deemed to have admitted liability on the well-pleaded allegations of fact in the complaint.  *Buchanon v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (relying on *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975)).  Damages may be awarded without a hearing if the amount is a liquidated sum or capable of mathematical calculation.  *See* Fed. R. Civ. P. 55(b)(1); *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005) (citing cases).  Where damages are difficult to ascertain, injunctive relief may also be awarded in a default situation, without an evidentiary hearing.  *See Nygard v. Jasper*, No. 8:15-cv-1939-T-33EAJ, 2016 WL 9526666, at *5 (M.D. Fla. Jan. 4, 2016) ("Even in a default judgment case, injunctive relief is appropriate pursuant to the Lanham act and common law."), *adopted by*, 2016 WL 9526575 (M.D. Fla. Jan. 25, 2016); *see also*

*Homevestors of Am., Inc. v. Bay Area Hauling, LLC*, No. 8:18-cv-1377-T-36AAS, 2019 WL 5394189, at *6 (M.D. Fla. Sept. 10, 2019) (granting permanent injunctive relief on default judgment without hearing).

The Lanham Act specifically provides for entry of injunctive relief. 15 U.S.C. § 1116(a). "Absent the entry of a permanent injunction, a plaintiff's goodwill will be irreparably harmed by the continued sale of goods that are mistaken for the plaintiff's authorized products." *Maurer Rides USA, Inc. v. Beijing Shibaolia Amusement Equip. Co.*, No. 6:10-cv-1718-Orl-37KRS, 2012 WL 2469981 at *6 (M.D. Fla. May 30, 2012) (citation omitted), *adopted in part by*, 2012 WL 2463834 (M.D. Fla. June 12, 2012). Based on Defendant's past and continued use of Plaintiff's name, Plaintiff National Staffing Solutions is entitled to injunctive relief against Defendant for trademark infringement and unfair competition.[2]

Costs may be awarded under the Lanham Act. 15 U.S.C. § 1117(a).[3] Because the statute does not specify which costs are recoverable, the Court is limited by 28 U.S.C. §§ 1821 and 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Ordonez v. Icon Sky Holdings, LLC*, No. 10-60156-Civ, 2011 WL 3843890, at *10 (S.D. Fla. Aug. 30, 2011) (awarding costs under

---

[2] The Court declines to award statutory damages under 15 U.S.C. § 1117(a).
[3] For certain violations under § 1125, "the plaintiff shall be entitled . . . subject to the principles of equity . . . to recover . . . the costs of the action."

4

Lanham Act as limited by §§ 1821 and 1920).  The court filing fee and service of process fees are recoverable, but not the costs of postage, FedEx, or PACER (Dkt. 15-3 at 3).  28 U.S.C. § 1920; *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (postage unrecoverable); *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (shipment costs unrecoverable); *Pena v. RDI, LLC*, No. 8:17-cv-1404-T-AAS, 2019 WL 3017574, at *2 (M.D. Fla. July 10, 2019) (citing *Duckworth* and *Watson*).  Thus, costs are awarded in the amount of $525.00.[4]

It is therefore **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's motion for default judgment (Dkt. 15) is granted as to liability, injunctive relief, and costs.  The motion is otherwise denied.

2. Costs are awarded in the amount of $525.00 pursuant to 15 U.S.C. § 1117(a) and 28 U.S.C. §§ 1821 and 1920.

3. Defendant, and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them, is permanently enjoined and restrained from using the NATIONAL STAFFING SOLUTIONS trademark, with or without its accompanying logo or any other

---

[4] Although an attorney's fees may be awarded in "exceptional" cases, 15 U.S.C. § 1117(a), the Court finds this case does not warrant such status.  *Tobinick v. Novella*, 884 F.3d 1110, 1117–18 (11th Cir. 2018) (extending exceptional case standard to trademark infringement).

designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute or identify Defendant's services pursuant to 15 U.S.C. § 1116(a).

4. Defendant shall file with the Court and serve on Plaintiff within thirty (30) days after issuance of this injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116(a).

5. Defendant shall deliver up and destroy all devices, literature, advertising, labels, and other material in their possession bearing the NATIONAL STAFFING SOLUTIONS mark pursuant to 15 U.S.C. § 1118.

6. Defendant shall transfer the https://www.nationalstaffingsolutionsc.com/domain name to Plaintiff.

7. The Clerk is directed to enter judgment in accord with paragraphs 2 through 6 above, terminate any pending motions/deadlines, and close the case.

**DONE AND ORDERED** at Tampa, Florida, on August 13, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE